## Ball v. Fenstermaker

*Harry C. Fithian, Jr.,* for plaintiffs.

*William E. Nichols,* and *Furst, McCormick, Muir, Lynn & Reeder,* for defendant.

WILLIAMS, P. J., May 8, 1961.—Plaintiff, a minor, is suing defendant because of an automobile collision. The suit is brought in the name of the minor and in the name of his father and mother. Preliminary objections have been filed.

Paragraph 7 of the complaint reads as follows:

"The said minor may and probably will in the future, continue to suffer great pain and agony, and he has been and probably will in the future, be hindered and prevented from attending to his usual daily duties and recreation, to his great damage and loss."

The first preliminary objection complains of paragraph 7. According to the objection, the claim of dam-

age is too indefinite. Defendant claims that if plaintiffs are alleging losses of earning capacity, they should specifically state the amount and kind of disability suffered. We are of the opinion that paragraph 7 pleads pain and suffering and inconvenience because of the injuries complained of. There seems to be no statement in paragraph 7 as to loss of earning capacity. We are, therefore, of the opinion that the preliminary objection to paragraph 7 is without merit.

The second preliminary objection points toward paragraph 9 of the complaint which is to the effect that the parents, because of the negligence of defendant, "had been, and probably will in the future, be obliged to spend large and various sums of money for medical and hospital care and medicine in and about endeavoring to treat and cure said minor child of the injuries sustained." It is alleged that this pleading is not in compliance with Rule 1019 (f) of the Pennsylvania Rules of Civil Procedure. Rule 1019 (f) is to the effect that averments of special damage shall be specifically pleaded. It has been held that damages necessarily following as a natural and probable result of the injury may be proved without special averments and may be averred generally: Delligatti v. Mt. Pleasant Borough, 76 D. & C. 200. It is better to have more specific statements as to the amount of damages than in this complaint. Defendant appears to have notice of all of the items of expense, however, and we feel that the litigation should not be delayed because of this objection by requiring amended pleadings.

The third objection complains about paragraph 10 of the complaint. Paragraph 10 reads:

"By reason of their minor child's injuries, the earnings of the said minor child will be impaired during the age of his minority, to which earnings plaintiffs are legally entitled, all of which has been and probably will be to their great financial damage and loss."

Defendant argues that this part of the complaint does not conform with the spirit of rule 1019(f). We are of the opinion that the pleading is sufficient to show a diminishment in earning capacity. We do not know how else the matter could be pleaded inasmuch as the minor plaintiff is a seven year old child, which fact is known to both parties of this action.

And now, May 8, 1961, preliminary objections are dismissed.